[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11155

Non-Argument Calendar

_____

DORA ALICIA ALVARENGA-PALACIOS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-021-075

_____

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Dora Alvarenga-Palacios petitions for review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Alvarenga-Palacios does not challenge the correctness of any determinations made in the BIA's decision. Instead, she asks us to remand her case to the BIA so that she can pursue new relief. Specifically, she wishes to obtain a finding that she is entitled to relief from the IJ's denial of her asylum claim as untimely because she is a member of a class—of formerly detained asylum applicants who were not warned of the asylum filing deadline—established by the settlement agreement in a district court case that was finally approved a month after she filed her brief to the BIA.

We review our subject matter jurisdiction *de novo*. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). The Immigration and Nationality Act limits our jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). We lack jurisdiction to review a final order in an immigration case unless the petitioner has exhausted all administrative remedies available as of right. *Id.* § 1252(d)(1); *Indrawati*, 779 F.3d at 1297. A petitioner fails to exhaust her administrative remedies with respect to a particular claim when she does not raise that claim before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

This exhaustion requirement is not stringent but does require that a petitioner provide sufficient information to allow the BIA an opportunity to address any issues. *Indrawati*, 779 F.3d at 1297.

A noncitizen may move to reopen her removal order. 8 U.S.C. § 1229a(c)(7). A motion to reopen may be granted based on new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c). During an appeal from an IJ's decision, the BIA may not consider new evidence or remand for consideration of new evidence, but a party who wishes to present new evidence may file a motion to reopen. *Id.* § 1003.1(d)(7)(v).

We lack jurisdiction to review Alvarenga-Palacios's request for a remand because she failed to exhaust the issue. She did not mention to the BIA the settlement agreement under which she now seeks relief, either in her brief, which was issued after the district court had preliminarily approved the settlement agreement, or in a motion to reopen that she could have filed in the four months her appeal was pending with the BIA after the settlement agreement had been finally approved. As this is the only issue she raises, we dismiss her petition for review.

**PETITION DISMISSED.**